UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT BAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GE RETAIL SALES FINANCE INC. dba GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION dba E*TRADE FINANCIAL; CCB CREDIT SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: C 10-5261 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 12 |

Plaintiff Robert Baker filed the instant consumer class action in San Francisco County Superior Court against GE Retail Sales Finance Inc. dba GEMB Lending, Inc. ("GMB"), CCB Credit Services, Inc. ("CCB") and E*Trade Financial Corporation dba E*Trade Financial ("E*Trade"). In his Complaint, Plaintiff claims that Defendants' failure to provide the statutorily-required notices in their conditional sales contracts violates California's Rees-Levering Automobile Sales Finance Act ("Rees-Levering Act"), Cal. Civ. Code § 2981 et seq. and Unfair Competition Law ("UCL"), Cal. Bus. and Prof. Code § 17200 et seq. Defendants removed the action to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 12. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

## A. FACTUAL SUMMARY

On July 21, 2003, Plaintiff purchased a used 2003 Winnebago Ultimate Freedom Motor Home from La Mesa, R.V. in Davis, California. Compl. ¶ 10. The dealership arranged for financing for the purchase using a conditional sales contract which it assigned to Thor Financial. Id. Thor Financial subsequently assigned the contract to Defendant GEMB. Id.

For reasons not stated in the pleadings, Plaintiff surrendered possession of his motor home vehicle to GEMB on June 15, 2010. Id. Two days later on June 17, 2010, GEMB mailed Plaintiff a Notice of Repossession and Right to Redeem, which stated that his vehicle had been repossessed and that it would be sold unless he redeemed the vehicle by paying the full balance remaining on his loan, or paid a specific amount to reinstate the contract. Id. ¶ 11. The notice indicated that the total loan balance was $158,551.98, and that a payment of $3,044.07 was necessary for reinstatement. Id. Ex. A. Plaintiff apparently chose neither option, and GEMB later sold Plaintiff's vehicle and assessed a deficiency balance against him. Id. ¶ 12.

After his vehicle was sold, Plaintiff received a letter from GEMB, dated September 7, 2010, notifying him that Defendant E*Trade had purchased his sales contract and related security agreements pertaining to his vehicle. Id. ¶ 13. Thereafter, Plaintiff received a letter from Defendant CCB, dated September 17, 2010, stating that his account had been "placed with this office for collection." Id. Ex. C. The letter demanded payment of $62,667.76. Id.

## B. PROCEDURAL HISTORY

On October 12, 2010, Plaintiff filed the instant action in state court on behalf of himself and all others similarly situated against GEMB, E*Trade and CCB. The complaint alleges three causes of action for: (1) violation of the Rees-Levering Act; (2) violation of the UCL; and (3) declaratory relief. The gravamen of Plaintiff's claims is that the form sales contract signed by him fails to contain the disclosures required by the Rees-Levering

Act. Plaintiff served the summons and complaint on GEMB and CCB by certified mail on October 18, 2010, and personally served E*Trade on October 20, 2010. On November 19, 2010, E*Trade filed a notice of removal based on CAFA. Dkt. 1. The notice also alleges that Plaintiff's claims are preempted by the federal Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1641 et seq. On December 20, 2010, CCB filed a joinder in the removal. GEMB has neither filed a joinder nor has it otherwise appeared in the action.

Plaintiff now moves to remand the action on the grounds that: (1) GEMB and CCB failed to join in the removal; (2) the notice of removal is defective; and (3) removal jurisdiction is absent under CAFA's "local controversy" exception. Dkt. 12. In addition, Plaintiff seeks recovery his fees and costs as a result of the allegedly improper removal under 28 U.S.C. § 1447. E*Trade has filed an opposition to the motion in which CCB has filed a joinder. Dkt. 45, 46. The motion is fully briefed and is ripe for adjudication.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging a removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Any doubts regarding the propriety of the removal favor remanding the case. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. DEFECTS IN THE REMOVAL

Plaintiff contends that E*Trade's removal is improper because neither GEMB nor CCB joined in the removal. As a general rule in multi-defendant cases, "all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). This is known as the "rule of unanimity." Proctor v. Vishay Intertechnology

Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) (citation omitted). This rule, however, does not apply to removals under CAFA. See 28 U.S.C. § 1453(b) (a class action may be removed "by any defendant without the consent of all defendants."); Westwood Apex v. Contreras, 644 F.3d 799, 804 (9th Cir. 2011) (noting that CAFA "overrides the judge-created requirement that each defendant consent to removal.") (quoting Abrego Abrego v. Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006)). As such, Plaintiff's arguments regarding the untimely joinder of CCB and the lack of joinder by GEMB are inapposite.

In his reply, Plaintiff asserts that Abrego applies only in a "pure CAFA case," and not in an action "which also invokes ordinary federal jurisdiction." Reply at 2, Dkt. 50.[1] Though not entirely clear, Plaintiff appears to refer to the fact that, as an additional basis of removal jurisdiction, E*Trade alleges that Plaintiff's claims are preempted by HOLA. Notice of Removal ¶¶ 10-14. However, Plaintiff cites no authority or presents any reasoned analysis why a removal based on CAFA and other grounds for subject matter jurisdiction necessarily requires the joinder of all served defendants when it is clear that a removal based solely on CAFA does not. Arguably, if this were a case where CAFA jurisdiction were lacking, the unanimity requirement would be germane. However, the Court need not reach that issue, as the Court finds below that removal jurisdiction under CAFA is present.[2]

### B. REMOVAL JURISDICTION

As an alternative matter, Plaintiff contends that removal jurisdiction is absent under CAFA. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

---

[1] Plaintiff also attempts to dismiss the Abrego's recognition that CAFA overrides the unanimity requirement is dicta. Reply at 2-3. This contention is entirely without merit. See United Steel, Paper & Forestry, Rubber Mfg. Energy, Allied Indus. & Serv. v. Shell Oil Co., 549 F.3d 1204, 1208-1209 (9th Cir. 2008) (holding that one defendant may remove an action under CAFA, without regard to the joinder of the other defendants).

[2] For the same reasons, the Court rejects Plaintiff's related contention that the notice of removal is defective because it did not specify the reasons the other Defendants were not joining in the removal. As discussed, the joinder of other defendants is irrelevant when the removal is under CAFA. See Shell Oil, 549 F.3d at 1208-1209.

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

In 2005, Congress enacted CAFA, which, among other things, amended the federal diversity statute to provide federal jurisdiction in class actions. Under CAFA:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1132(d)(2). CAFA applies to "class actions," which the statute specifically defines as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." Id. § 1332(d)(1)(B).[3]

While CAFA broadens federal jurisdiction for class action suits, there are some exceptions to the rule. Under the "local controversy exception," a district court shall

---

[3] CAFA also applies to "mass actions." "[T]he term 'mass action' means any civil action … in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amounts under [28 U.S.C. § 1332(a)]." 28 U.S.C. § 1332(d)(11)(B)(I).

decline to exercise jurisdiction where: (1) more than two-thirds of the class members are citizens of the state where the action was filed; (2) at least one defendant is a defendant (a) from whom significant relief is sought by members of the plaintiff class, (b) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and (c) which is a citizen of the State in which the action was originally filed; (3) the principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) no other class action has been filed within the past three years on behalf of the same persons against any defendant asserting the same or similar factual allegations. 28 U.S.C. § 1332(d)(4)(A). Another exception is the "home-state controversy exception," which provides that a federal court must also decline jurisdiction over a "minimal diversity" class action if two-thirds or more of the class members and the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).[4] A plaintiff seeking remand bears the burden of showing that the exceptions apply. See Coleman v. Estes Exp. Lines, Inc., 631 F.3d 1010, 1013 (9th Cir. 2011).

For purposes of diversity jurisdiction, a natural person is a citizen of her state of domicile, which is determined at the time the lawsuit is filed. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she has established a fixed habitation or abode of a particular place, and [intends] to remain there permanently and/or indefinitely." Id. at 749-50. Residency alone, however, is not sufficient to show an intent to remain; only domicile is determinative. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).

---

[4] Although the "local controversy exception" and "home-state controversy exception" are separate and distinct, Plaintiff merges the concepts into a single "local controversy" argument. However, both exceptions require a plaintiff to prove that at least two-thirds of the proposed class is comprised of California citizens. Thus, the salient analysis is the same, despite Plaintiff's mischaracterization of these exceptions.

Here, Plaintiff argues that "one hundred percent of the class are citizens of California." Pl.'s Mot. at 7. As support, Plaintiff points to the class definition in the complaint, which defines the class as:

    (a)    *all persons who were issued a Statutory Notice by GEMB*,

    (b)    *to an address in California*,

    (c)    at any time from four years preceding the filing of this action to the present,

    (d)    following the repossession or voluntary surrender of a motor vehicle,

    (e)    who were assessed a deficiency balance following the disposition of the vehicle[.]

Compl. ¶ 31 (emphasis added). According to Plaintiff, this definition establishes that the class is comprised solely of "California borrowers" whose post-repossession notices were mailed to an address in California. Pl.'s Mot. at 7-8. The Court disagrees. Nothing in the class definition limits the class to California *citizens*. To the contrary, the Complaint only requires that the class member have received a notice at a California address. At best, the requirement that the class member have received a notice at a California address implies that the member must have at one time been a California *resident*; however, it is insufficient to show an intent to remain in California. <u>Kanter</u>, 265 F.3d at 857.

Nor is the Court persuaded by the declaration proffered by Plaintiff's counsel, who therein opines that based on his personal experience with seventy "similar" class actions, "far less" than one-third of the class will be comprised of non-California citizens. Trueblood Decl. ¶ 3. Counsel provides no information regarding those other actions, such as whether the pleadings in those cases defined the class in the same or similar manner as in this action—or how he determined the percentage of California citizens comprising the class in those actions. Nonetheless, irrespective of what counsel's personal experiences may have been, the fact remains that class definition in the complaint does not limit the

class to *California citizens*. Thus, the Court concludes that Plaintiff has failed to carry his burden of demonstrating that local controversy exception applies to this action.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Remand is DENIED. This Order terminates Docket 12.

IT IS SO ORDERED.

Dated: September 30, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge