## SETTLEMENT AGREEMENT AND RELEASE

*Robert Baker v. GEMB Lending, Inc., et al.*
United States District Court for the Northern District of California
Case No. C10-05261 SBA

This Settlement Agreement and Release is entered into as of April 3, 2012, by and between ROBERT BAKER ("Plaintiff") (individually and on behalf of the Settlement Class as defined in section 2.30 below), on the one hand, and GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION; and CCB CREDIT SERVICES, INC. (each a "Defendant" and, collectively, "Defendants"), on the other hand.  The settling parties are referred to collectively as the "Parties" or individually as a "Party."

## I.      RECITALS

**1.01.**    Plaintiff filed his initial complaint in this Action in the Superior Court of the State of California for San Francisco County on or about October 12, 2010.  E*Trade removed this Action to the United States District Court for the Northern District of California on November 19, 2010.  In November 2011, Plaintiff filed an amended complaint against Defendants, Case No. C10-05261 SBA ("First Amended Complaint").  The First Amended Complaint is brought as a putative class and individual action, and it asserts claims including, but not limited to, violations of the Rees-Levering Automobile Sales Financing Act, Cal. Civil Code § 2981, *et seq.*, breach of contract, violations of the Unfair Competition Law, Cal. Business and Professions Code § 17200, *et seq.*, and declaratory relief.

**1.02.**    Defendants deny the allegations made in the First Amended Complaint and deny any and all liability with respect to any and all facts and claims alleged in the First Amended Complaint and further deny that the Plaintiff and/or Settlement Class (as defined in section 2.30 of this Agreement) have suffered any damage.

EXHIBIT   *1*

1

**1.03.**   Sharply contested issues of both law and fact exist concerning the allegations and claims made by and against Defendants.

**1.04.**   Counsel for all Parties have analyzed and evaluated the merits of all Parties' contentions and this Settlement Agreement, as it impacts upon all Parties, including the individual members of the Settlement Class, and after taking into account the foregoing along with the substantial risks of continued litigation and the likelihood that the Action, if not settled now, will be protracted and expensive, are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and equitable, and Class Counsel believes that a settlement of the Action is in the best interests of Plaintiff and the Settlement Class.

**1.05.**   The Defendants each deny liability, but nevertheless desire to settle the Action on the terms and conditions herein set forth, for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation.

**1.06.**   In consideration of the covenants and agreements set forth herein, Plaintiff, the Settlement Class, and Defendants, themselves and through their undersigned counsel, agree to the settlement of the Action, subject to Court approval, under the following terms and conditions.

## II.   DEFINED TERMS

As used in this Settlement Agreement, the following terms having the meanings set forth below:

**2.01.   "Action"**

"Action" refers to the case captioned *Robert Baker v. GEMB Lending Inc., et al.*, pending in the United States District Court for the Northern District of California, Case No. C10-05261 SBA.

2

**2.02.** **"Agreement"**

"Agreement" refers to this Settlement Agreement.

**2.03.** **"CCB"**

"CCB" refers to Defendant CCB Credit Services, Inc.

**2.04.** **"CCB Counsel"**

"CCB Counsel" refers to the law firm of Hinshaw & Culbertson, LLP.

**2.05.** **"Class Administrator"**

"Class Administrator" refers to a professional settlement administration service selected by Defendants from among Gilardi & Co., LLC; Kurtzman Carson Consultants; and Rust Consulting.

**2.06.** **"Class Counsel"**

"Class Counsel" refers jointly to the law firms of Kemnitzer, Barron & Krieg, LLP and the Trueblood Law Firm.

**2.07.** **"Class Notice"**

"Class Notice" refers to the notice approved by the Court and to be mailed to Identified Settlement Class Members pursuant to section 3.12 of this Agreement.

**2.08.** **"Class Period"**

"Class Period" refers to the time period from October 12, 2006 through February 1, 2012.

**2.09.** **"Class Representative"**

"Class Representative" refers to Plaintiff Robert Baker.

**2.10.** **"Conditional Sale Contract"**

"Conditional Sale Contract" as used herein shall have the same meaning as set forth in California Civil Code § 2981(a).

**2.11.** **"Court"**

"Court" refers to the United States District Court for the Northern District of California.

**2.12.** **"Credit Reporting Agencies"**

"Credit Reporting Agencies" refers to Equifax, Experian, and TransUnion.

**2.13.** **"Defendants' Counsel"**

"Defendants' Counsel" refers collectively to CCB Counsel, E*Trade Counsel, and GEMB Counsel.

**2.14.** **"Deficiency Balance"**

"Deficiency Balance" refers to the balance remaining on a Settlement Class member's Conditional Sale Contract account following post-repossession sale of the collateral Motor Vehicle and application of the disposition proceeds to the account balance prior to the post-repossession sale, including interest and principal and any other charges, credits or fees assessed before or after the repossession.

**2.15.** **"Distribution Date"**

"Distribution Date" is defined as twenty (20) business days after the Effective Date, as defined herein.

**2.16.** **"Effective Date"**

"Effective Date" means the date this Agreement becomes operative, according to the following:

(a) In the event that no appeal or other judicial review of the Final Judgment (as defined in section 2.19 of this Agreement and in the form attached as **Exhibit C** hereto) approving this Settlement Agreement has been taken or sought within the time period permissible under law, the Effective Date is one business day after the last day to file any appeal concerning the Final Judgment; or

(b) In the event that an appeal of the Final Judgment has been taken or sought, the Effective Date is one business day after the date the Final Judgment is finally affirmed by an appellate court with no possibility of subsequent appeal thereof, or the date the appeal(s) thereof are finally dismissed.

**2.17.** **"E*Trade"**

"E*Trade" refers to Defendant E*Trade Financial Corporation along with its direct and indirect corporate subsidiaries (including E*Trade Bank), and its affiliates.

**2.18.** **"E*Trade Counsel"**

"E*Trade Counsel" refers to the law firm of Greenberg Traurig, LLP.

**2.19.** **"Final Judgment"**

"Final Judgment" refers to the Court signing an order finally approving this Agreement after conducting a final fairness hearing, dismissing the claims of the Class Representative and the Settlement Class with prejudice, and making its final award of attorneys' fees and costs under the terms of this Agreement.

**2.20.**   **"GEMB"**

"GEMB" refers to Defendant GEMB Lending Inc.

**2.21.**   **"GEMB Counsel"**

"GEMB Counsel" refers to the law firm of Paul Hastings LLP.

**2.22.**   **"Identified Settlement Class Member"**

"Identified Settlement Class Member" refers to a Settlement Class member whom a Defendant has identified pursuant to section 3.08 of this Agreement.

**2.23.**   **"Restitutionary Relief"**

"Restitutionary Relief" refers to the relief described in section 5.02 of this Agreement.

**2.24.**   **"Motor Vehicle"**

"Motor Vehicle" shall have the same meaning as defined by California Civil Code § 2981(k).

**2.25.**   **"NOI"**

"NOI" refers to a written notice of intent to dispose of a repossessed or surrendered Motor Vehicle.

**2.26.**   **"Participating Settlement Class Member"**

"Participating Settlement Class Member" means a Settlement Class member, including the Class Representative, who has not opted out of the Settlement by mailing a timely Request for Exclusion pursuant to section 3.13 of this Agreement.

**2.27.** **"Preliminary Approval"**

"Preliminary Approval" of this Agreement means that the Court has entered orders certifying the proposed Settlement Class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Identified Settlement Class Members.

**2.28.** **"Released Claims"**

"Released Claims" refers to the claims released by the Participating Settlement Class Members, as more fully described in section 5.09 of this Agreement.

**2.29.** **"Request for Exclusion"**

"Request for Exclusion" refers to a request to opt out of the Settlement Class made pursuant to section 3.13 of this Agreement.

**2.30.** **"Settlement Class"**

The phrase "Settlement Class" shall mean:

All California citizens:

    a) who entered into a Conditional Sale Contract in California for the purchase of a Motor Vehicle;

    b) whose Motor Vehicle was repossessed or voluntarily surrendered;

    c) who were issued a written post repossession notice by GEMB and/or Thor at any time from four years preceding the filing of this Action (October 12, 2006) through February 1, 2012;

    d) whose Conditional Sale Contract was owned by GEMB, Thor and/or E*Trade at the time the notice was sent; and

    e) who were assessed a Deficiency Balance following the disposition of the Motor Vehicle.

Excluded from the Settlement Class are:

    a) persons from whom GEMB, E*Trade and/or CCB obtained judgments

prior to filing of the complaint on October 12, 2010; and/or

b) persons who made a payment on or toward their deficiency balance after the written post repossession notice was sent and who also filed for bankruptcy.

**2.31.   "Settlement Class Information"**

"Settlement Class Information" refers to the information to be provided to the Class Administrator and Class Counsel as set forth in section 3.09 of this Agreement.

**2.32.   "Settlement Fund"**

"Settlement Fund" refers to an amount equivalent to sixty-four (64) percent of the payments made by Participating Settlement Class Members on or toward their post-repossession Deficiency Balances, which Defendants have agreed will be deposited with the Class Administrator in a non-interest-bearing account within ten (10) business days after the Effective Date.  The Settlement Fund shall be administered by the Class Administrator, with any remaining unpaid or unclaimed amounts to be directed as provided in section 5.07 of this Agreement.

**2.33.   "Thor"**

"Thor" refers to Defendant Thor Credit Corporation, a former joint venture between Defendant GEMB and Thor Industries, Inc., incorporated in 1994 in the State of Delaware.

**2.34.   Plural and Singular**

As used herein, the plural of any of the above defined terms includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

8

## III.    PRELIMINARY APPROVAL

**3.01.    Class Certification**.  For only the purposes of settlement and the proceedings contemplated herein, the Parties stipulate and agree that a class shall be certified in the Action in accordance with the definition of the "Settlement Class" set forth in section 2.30 hereof, and that Class Counsel shall be appointed as Counsel for the Settlement Class.  The certification of the Settlement Class shall be binding only with respect to the settlement set forth in this Agreement. In the event this Agreement shall terminate pursuant to its terms for any reason, the Order Certifying Settlement Class shall be vacated by its terms, and this Action shall revert to its status with respect to class certification as existed prior to the date of the execution of this Agreement, with no Party being able to raise this Agreement in any contested motion for certification or for any other purpose.  Furthermore, in the event that approval is denied, the Parties agree that any evidence relating to this Agreement offered in support of this settlement, other than that obtained through ordinary discovery procedure or from third party sources by the Parties, shall be deemed privileged pursuant to Federal Rule of Evidence 408 and/or California Evidence Code § 1152.

**3.02.    Preliminary Approval**.  Promptly upon execution of this Settlement Agreement, the Class Representative, through Class Counsel, shall file a motion for Preliminary Approval. The motion shall request an order, substantially in the form attached hereto as **Exhibit A**:

> (a) granting preliminary approval of this Settlement Agreement;
>
> (b) conditionally certifying the Settlement Class in the Action for settlement purposes only;
>
> (c) appointing Plaintiff as Class Representative of the Settlement Class;
>
> (d) appointing Class Counsel as counsel for the Settlement Class;
>
> (e) approving a Class Notice substantially in the form attached hereto as **Exhibit B** ("Class Notice") to be mailed to the Identified Settlement Class Members;

(f) approving the Class Administrator and class settlement procedures; and

(g) setting a hearing date for final approval of the Settlement Agreement.

After Plaintiff files the Motion for Preliminary Approval, Defendants and Defendants' Counsel shall not oppose the motion, provided the motion complies with the provisions of this Agreement.

**3.03.   Cessation of Collection/Recall of Accounts**.  Immediately upon execution of this Agreement, Defendants shall take no further action to collect or to attempt to collect Deficiency Balances from Settlement Class members; shall recall the accounts of Settlement Class members from any internal collection departments; shall make reasonable efforts to recall and/or repurchase the accounts of any Settlement Class members that were assigned to any outside collection agencies or third parties; shall recall any accounts of Settlement Class members that have been assigned to legal counsel for collection; and shall dismiss any pending legal action against any Settlement Class member to collect a Deficiency Balance.

**3.04.   Appointment of Class Representative**.  The Parties stipulate, for purposes of this Settlement Agreement only, that Plaintiff presents claims that are typical of the Settlement Class; that Plaintiff will, along with Class Counsel, adequately represent the Settlement Class; and that Plaintiff should be appointed as Class Representative.

**3.05.   Identifying Settlement Class**.  Within the time the Court orders after Preliminary Approval of the class settlement described herein, Defendants shall identify from their records the identity of all members of the Settlement Class.

**3.06.   Obligations of Class Administrator**. The Class Administrator shall be responsible for the following:

(a) preparing, printing, and disseminating the Class Notice to Identified Settlement Class Members after verifying with Class Counsel and Defendants' Counsel that the final form of Class Notice satisfies the Court;

(b) upon request, promptly furnishing to Class Counsel and Defendants' Counsel copies of any Requests for Exclusion, objections, or other written or electronic communications from the Settlement Class which the Class Administrator receives;

(c) remitting payment to the eligible Participating Settlement Class Members in accordance with this Settlement Agreement, including preparing and mailing settlement checks in accordance with this Agreement;

(d) keeping track of Requests for Exclusion and objections to the settlement, including maintaining the original mailing envelope in which they were mailed, and within five (5) business days after the close of the opt-out or objection period, informing Class Counsel and Defendants' Counsel in writing of the total number of such requests received in response to the Class Notice;

(e) ascertaining current address and addressee information for each Class Notice returned as undeliverable, if available, by performing a one-time check against the United States Postal Service National Change of Address database and re-mailing the Class Notice in the manner and under the circumstances described in section 3.11 of this Agreement;

(f) referring to Class Counsel and Defendants' Counsel all inquiries by Identified Settlement Class Members regarding matters not specified herein;

(g) maintaining adequate records of all its activities, including the dates of each mailing of Class Notices, returned mail, and other communications and attempted communications with the Settlement Class;

(h) ten (10) business days prior to the final approval hearing, filing a declaration with the Court informing the Court of any Settlement Class members who submitted a Request for Exclusion, objected to the settlement, and/or notified the Class Administrator of their plan to attend the final approval hearing, along with a copy of the Request for Exclusion, objection to the settlement, and/or notice of plan to attend, and serving the declaration on all Parties;

(i) resolving disputes during the claims administration process in the manner provided in section 3.07 of this Agreement; and

(j) such other tasks as Class Counsel and Defendants' Counsel mutually agree or as the Court may require.

**3.07.   Class Administrator Dispute Resolution Requirements**.  Any disputes regarding payment to a Settlement Class member – such as a dispute about a payment amount or the proper recipient of a payment – will be resolved in the following manner. Class Counsel and Defendants' Counsel will first meet and confer in a good faith attempt to resolve that dispute.  In the event the dispute cannot be resolved informally between Class Counsel and Defendants' Counsel, the Class Administrator will resolve the dispute and such resolution shall be final and binding on the Settlement Class member.  In resolving such disputes, Defendants' records shall be presumed to be accurate and correct, and shall be final and binding, unless the information provided by the Settlement Class member proves otherwise.  Any such disputes shall be resolved and all refund checks must be negotiated within ninety (90) days of the Distribution Date, as set forth in sections 5.02(c) and (d) of this Agreement.

**3.08.   Identification of Settlement Class**.  In order to assemble the Settlement Class Information, each Defendant shall make reasonable efforts to identify the members of the Settlement Class based on the records it keeps in the ordinary course of business.  Each Defendant shall do so by electronically searching its database(s) for each account falling within the definition of Settlement Class as defined in section 2.30 of this Agreement.

**3.09.   Settlement Class Information**.  Defendants shall provide the Class Administrator and Class Counsel the following information concerning the Identified Settlement Class Members:

> (a)  the Identified Settlement Class Members' names, last known address, and account numbers, and any co-borrowers listed on the accounts; and
>
> (b)  Sixty-four (64) percent of the amount of any payments made by an Identified Settlement Class Member against the Deficiency Balance owed on the account

following disposition of the Motor Vehicle, including payment made to third

party entities following the sale or assignment by Defendants of such

Identified Settlement Class Members' Deficiency Balance to such entities.

Apart from the Identified Settlement Class Members' names, the Parties agree that the

other information provided under this paragraph shall be treated as confidential under the

Protective Order.

       **3.10.**  **Declarations Regarding Identifying Settlement Class Members**.  In addition to

providing the Settlement Class Information to the Class Administrator and Class Counsel,

Defendants shall provide Class Counsel with a declaration from a corporate officer of each

Defendant stating:

        (a)  the method utilized by such Defendant to identify the Settlement Class;

        (b)  the amount of current total Deficiency Balances;

        (c)  the amount of payments on Deficiency Balances to be refunded, including

            payments made to third party entities, pursuant to the terms of this Agreement,

            should no Settlement Class members exclude themselves under section 3.13

            of this Agreement; and

        (d)  that Defendant has made the reasonable efforts to recall and/or repurchase the

            accounts of any Settlement Class members that were sold to third parties as

            required under section 3.03 of this Agreement, and that the information to be

            provided in sections (a) through (c) of this paragraph includes those accounts.

       **3.11.**  **Class Notice**.  Not later than ten (10) business days after Preliminary Approval,

each Defendant shall provide to the Class Administrator and Class Counsel, in electronic format,

a spreadsheet containing the Settlement Class Information described in section 3.09, listing the

Identified Settlement Class Members, and including co-borrowers, account numbers and each

Identified Settlement Class Member's last known address.  Upon issuance of the Preliminary

Approval order by the Court and expiration of the opt-out period, the Parties agree that the

Participating Settlement Class Members become clients of Class Counsel.  The Class

Administrator shall agree to maintain the confidentiality of all information provided to it and to

not use such information except as necessary for administration of the settlement, which includes

furnishing to Class Counsel and Defendants' Counsel copies of any Requests for Exclusion,

objections, or other written or electronic communications from Settlement Class members which

the Class Administrator receives pursuant to its obligation under section 3.06 of this Agreement.

     **3.12.**  **Notice**.  Attached as **Exhibit B** to this Settlement Agreement is the proposed

Class Notice to be sent to Identified Settlement Class Members by the Class Administrator

disclosing the material terms of this settlement.  Within thirty (30) days of the date of

Preliminary Approval, the Class Administrator shall send the Class Notice by first-class mail to

all Identified Settlement Class Members.  If any Class Notices are returned by the United States

Postal Service they will be re-mailed if additional address information is provided by the United

States Postal Service via its National Change of Address database.

     **3.13.**  **Exclusion**.  Any Settlement Class member (other than the Class Representative)

may elect to be excluded from the Settlement Class by submitting in writing a Request for

Exclusion to Class Counsel and the Class Administrator, and Class Counsel shall be obligated to

forward any Request for Exclusions received to Defendants' Counsel.   Requests for Exclusion

must be postmarked no later than sixty (60) days after the date the Class Notice is mailed to the

Settlement Class member.  To be effective, any Request for Exclusion must contain: the name of

the case; the name, address, dated signature, and telephone number of the Settlement Class

member; a written statement that the Settlement Class member wishes to be excluded from this settlement; and the Settlement Class member's account number.  Any Settlement Class member who timely and properly requests exclusion in compliance with these requirements will not have any rights under this settlement, will not be entitled to receive a settlement payment, and will not be bound by this Settlement Agreement, the Preliminary Approval Order, or the Final Judgment.

**3.14.   Objection**.  Any Settlement Class member (other than the Class Representative and other than those who properly request exclusion from the Settlement Class) may object to this Agreement by submitting in writing his or her objection to Class Counsel and the Class Administrator, and Class Counsel shall be obligated to forward any written objections received to Defendants' Counsel.  Such objections must be postmarked no later than sixty (60) days after the date the Class Notice is mailed to the Settlement Class member.  Any objection must contain: the name, address, dated signature, and telephone number of the Settlement Class member; a clear statement of each objection; a clear statement of all supporting evidence and briefing to be considered in support of the objection; the Settlement Class member's account number; and a statement concerning whether the objecting Settlement Class member intends to appear at the final approval hearing(s).

**3.15.   Cancellation of Agreement**.  In the event that five (5) percent or more of the Identified Settlement Class Members timely opt-out of the settlement pursuant to the procedure set forth in section 3.13 of this Agreement, Defendants shall have a right, at their sole discretion, to declare this Agreement null and void.  Should Defendants elect to void the Agreement on the basis of this provision, they must notify Class Counsel in writing of their intent to void the Agreement within five (5) business days after receiving copies of the declaration filed by the Class Administrator with the Court under section 3.06(h) of this Agreement.

**3.16.   Class Representative's and Class Counsel's Hearing Requirements**.  The Class Representative and Class Counsel shall seek Preliminary Approval of the terms of the Agreement and preliminary certification of the Settlement Class.  Final approval of the settlement and entry of the Final Judgment, as well as the amount of attorneys' fees and costs to be paid to Class Counsel, shall be decided by the Court at a hearing or hearings noticed by Class Counsel.

## IV.   FINAL APPROVAL

**4.01.   Motion for Final Approval**.  Class Counsel and Defendants' Counsel shall request a date for the final approval hearing at the time of the Court's hearing on the Motion for Preliminary Approval.  Prior to the deadline for filing objections and requests for exclusions, Class Counsel shall file a Motion for Final Approval of the settlement, for an award of attorneys' fees and costs, and for an incentive award to the Class Representative.  The motion will request the Court to grant final approval of the settlement and to enter Final Judgment in accordance with this Agreement, including approving this Agreement as final, fair, reasonable, adequate, and binding on the Participating Settlement Class Members, awarding attorneys' fees and costs to be paid to Class Counsel, approving a plan for distribution of residual funds, if any, and entering Final Judgment substantially and materially in the form attached hereto as **Exhibit C**.  Defendants and Defendants' Counsel shall not oppose the motion, as long as Class Counsel does not request fees and costs in excess of the amount provided herein.

**4.02.   Termination of Agreement**.  If for any reason this settlement is not approved or does not become final, or if Final Judgment is not entered pursuant to the terms of this Agreement for any reason, this Agreement and the certification of the Settlement Class shall be void and anything said or done pursuant to this Agreement, or as part of negotiations leading

hereto, shall not be used in this or any other proceeding for any purpose.  This Action shall revert to its status with respect to class certification and otherwise as existed prior to the date of the execution of this Agreement.

## V.   RELIEF TO PARTICIPATING SETTLEMENT CLASS MEMBERS

**5.01.**   After diligent investigation of their collective records, Defendants affirm that there are 2,304 members of the Settlement Class, whose Deficiency Balances total approximately $44,705,357.  Defendants further affirm that Defendants have in the aggregate collected approximately $640,697.81 total from Settlement Class members on the Deficiency Balances, which consists of approximately $246,602 collected from Settlement Class members whose Conditional Sale Contracts are owned by GEMB, and $394,095.81 collected from Settlement Class members whose Conditional Sale Contracts are owned by E*Trade.

**5.02.   <u>Restitutionary Relief to Participating Settlement Class Members</u>.**

(a)   Each Defendant shall determine by diligent investigation of its records, for each Participating Settlement Class Member, (i) the amount of that Participating Settlement Class Member's Deficiency Balance, and (ii) the amount of money that Participating Settlement Class Member paid to that Defendant on or toward the Deficiency Balance.

(b)   Ten (10) business days after the Effective Date, the Defendants agree to electronically transfer to a non-interest bearing account held by the Class Administrator the Settlement Fund.

(c)   On the Distribution Date, the Class Administrator shall issue refund checks to Participating Settlement Class Members who paid any amount on their Deficiency Balances. The amount refunded shall consist of sixty-four (64) percent of amounts paid by the Participating Settlement Class Member on or toward his or her Deficiency Balance, whether to Defendants or

to third party entities to which Defendants sold or assigned the Deficiency Balance.  Any

Participating Settlement Class Members who do not cash their checks within ninety (90) days of

the Distribution Date shall no longer be eligible to receive a refund but shall be entitled to the

other relief provided by Defendants in this Agreement, and shall otherwise be bound by the

Agreement including its Release, and any judgment entered in the Action.

(d)     If there are co-borrowers on an account of a Participating Settlement Class

Member, the refund pursuant to section 5.02(c) of this Agreement shall be by check made

payable to the first named borrower.  Unless the Court otherwise orders, if any refund check is

not cashed within ninety (90) days of the Distribution Date, neither co-borrower shall be entitled

to the proceeds of the check, and Defendants shall have no further obligation to make a payment

to that person.

**5.03.   <u>Additional Relief To Participating Settlement Class Members</u>**.  Each

Defendant shall make a good faith effort to provide the following relief to Participating

Settlement Class Members within ten (10) business days after the Effective Date:

(a)     Each Defendant shall identify the accounts for Participating Settlement Class

Members where a Deficiency Balance was assessed, and shall change those account records to

reflect a zero balance.

(b)     Each Defendant shall take reasonable steps to cease all efforts to collect the

Deficiency Balances for Participating Settlement Class Members' accounts as set forth in section

3.03 of this Agreement.

(c)     Each Defendant shall take reasonable steps to repurchase or recall the Deficiency

Balances of Participating Settlement Class Members that were sold or assigned to third party

entities as set forth in section 3.03 of this Agreement, and shall change those account records to reflect a zero balance.

(d)     Depending on the ownership of the underlying loan, Defendant GEMB or Defendant E*Trade shall submit (or cause to be submitted) requests to the Credit Reporting Agencies asking them to delete the payment history and Deficiency Balance information for all Participating Settlement Class Members' trade lines with respect to Settlement Class members' accounts in which a Deficiency Balance was assessed.

(e)     Defendants agree to send Class Counsel a letter upon completion of section 5.03(d) for the loans they own, confirming completion of this obligation.

(f)     If at any time following the transmission of such requests, any Participating Settlement Class Member notifies any Defendant or its counsel that this information has not been deleted from his or her credit report, that Defendant will send a second letter to each such Credit Reporting Agency that continues to report the information, instructing the Credit Reporting Agency to delete it from the Settlement Class member's credit history, and will mail a copy of that communication to Class Counsel (on behalf of the Settlement Class member) within ten (10) business days of Defendant's receipt of the notice of the problem with the credit report.

(g)     The Parties agree that the Defendants shall not be liable for any failure on the part of the Credit Reporting Agencies to act on any Defendant's request and that Participating Settlement Class Members' sole remedy for any such failure shall be to make a second request as set forth above.

**5.04.   Form 1099s**.  The Parties understand that the issuing of IRS Form 1099s is neither appropriate nor required under the circumstances of this case and under the law as it now

exists and therefore the Defendants will not be issuing Form 1099s in connection with this settlement unless required to do so by the IRS.

**5.05.   Fees and Costs of Class Administrator**.  Defendants shall pay all fees, costs, and expenses concerning sending the Class Notice to the Identified Settlement Class Members, and costs related to providing the relief to the Participating Settlement Class Members required by this Agreement, including the actions set forth in section 3.06.

**5.06.   Incentive Award**.  On or before the Distribution Date, and subject to approval by the Court, Defendants shall pay the Class Representative an incentive award in the amount approved by the Court up to an amount that does not exceed $10,000, for his service in the case in addition to any other relief to which he is entitled as a Participating Settlement Class Member as full and final satisfaction of any and all individual claims relating to the subject matter of the Action which he brought or could have asserted against Defendants.  Defendants shall not be required to make any incentive award payment to the Class Representative until a W-9 is provided for him to Defendants.  Defendants' agreement to make this incentive payment shall in no way be construed as an admission by any Defendant that the Class Representative has suffered any monetary damage or is entitled to any monetary relief.

**5.07.   Distribution of Residue**.  If any funds remain in the Settlement Fund one hundred and twenty (120) days after the Distribution Date as a result of any Participating Settlement Class Member's inability to be located, or failure to cash his or her refund check or other reasons, such funds will be used to make contributions, on behalf of Defendants, to Bay Area Legal Aid and Inner City Law Center.

**5.08.   Class Counsel's Attorneys' Fees And Costs**.  Subject to the conditions and limitations described below and subject to approval by the Court and approval of this Settlement,

20

and despite denial of liability, Defendants agree for the purposes of this Settlement Agreement, that Class Counsel is entitled to an award of fees and costs. Subject to approval by the Court, Defendants agree to pay Class Counsel the amount of attorneys' fees and costs awarded by the Court up to an amount that does not exceed $435,000 in total. Class Counsel agrees that they shall not be entitled to and will not seek – either from Defendants or from any other party, person or entity – attorneys' fees and costs or other compensation for attorneys' services and expenses in the Action exceeding $435,000. In the event that Class Counsel seeks a fee and cost award that does not exceed the amount stated herein, Defendants agree not to object to, negatively comment on, or oppose Class Counsel's application for fees and costs, or to seek any appeal of the Court's award of such fees and costs at or below that amount. Class Counsel agrees that such an award shall compensate them for all legal work in the Action up to and including the date of the Final Judgment, as well as for all legal work and costs that may be incurred in the Action after the date of the Final Judgment. Attorneys' fees and costs approved by the Court shall be paid by Defendants within ten (10) business days of the Effective Date. Class Counsel shall provide Defendants with a template IRS Form 1099 to return to Class Counsel upon payment of the attorneys' fees. Defendants shall be under no obligation to pay any fees until Class Counsel provides Defendants such information.

**5.09.** **Satisfaction By Judgment Of All Class Claims/Dismissal With Prejudice/ Release Of Known and Unknown Claims**. All Participating Settlement Class Members, and their heirs, executors, estates, predecessors, successors, assigns, agents and representatives, who do not submit a Request for Exclusion as set forth herein shall and hereby do release any and all claims, liens, demands, causes of action, obligations, damages, and liabilities, known or unknown, that they had, have or may have against any of the Defendants and any of Defendants'

present and former officers, directors, attorneys, accountants, assigns, representatives, employees, heirs, insurance carriers, executors, estates, predecessors, affiliates, parents, subsidiaries, agents, and successors in interest arising out of or relating to any allegations or claims asserted in the Action or that could have been asserted in this Action, whether in law or in equity, whether known or unknown, whether accrued or unaccrued. This release includes all claims, rights, demands, actions, causes of action, suits, debts, obligations, damages, liens, contracts, liabilities, agreements, costs, expenses, or losses, known or unknown, arising out of any Defendants' sending of, or authorizing or permitting the sending of, an NOI, the content of that NOI, the assertion of a Deficiency Balance following repossession, the collection or attempted collection of the Deficiency Balance, and the reporting to credit bureaus of the amounts remaining on the account after repossession. The Participating Settlement Class Members and Defendants expressly understand and acknowledge that it is possible that unknown losses or claims exist or that present losses may have been underestimated in amount or severity. The Participating Settlement Class Members and Defendants explicitly took that possibility into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between the Parties to this Agreement with the knowledge of the possibility of such unknown losses or claims, was given in exchange for a full accord, satisfaction, and discharge of all such losses or claims. Consequently, with respect to claims based on the facts alleged in the Action, the Participating Settlement Class Members and Defendants expressly waive all rights under California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

22

The Final Judgment will include a dismissal with prejudice of the entire Action.

**5.10.** **Termination Of Discovery And Motion Practice**.  By signing this Settlement Agreement, the Parties agree not to serve any discovery after the date of this Settlement Agreement, unless ordered by the Court or final approval of this Agreement is not granted and this settlement becomes void.

**5.11.** **No Admission of Liability**.  Neither this Agreement, nor the Final Judgment to be entered pursuant to this Agreement, is an admission or concession by any person or entity of any fault, omission, liability, or wrongdoing, but a settlement of claims and defenses of the Parties.  The Final Judgment shall include the following provision:

Neither this Final Judgment nor the Settlement Agreement on which it is based is an admission or concession by any of the Defendants of any fault, omission, liability, or wrongdoing.  This Settlement Approval Order and Final Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION; CCB CREDIT SERVICES, INC.; or THOR CREDIT CORPORATION.  The Court's final approval of this Agreement and the Parties' settlement, if it occurs, will not constitute any opinion, position, or determination of this Court as to the merits of the claims or defenses of any Party.

**5.12.** **Court Retains Jurisdiction After Entry of Final Judgment**.  Without affecting the finality of the Final Judgment in any way, the Court shall retain jurisdiction over:

(a)      any other action necessary to implement the terms of the Final Judgment and/or this Agreement, including any further amendments to the Final Judgment to provide relief to additional members of the Settlement Class who may be identified after entry of the Final Judgment; and

(b)     the construction, interpretation, implementation, and enforcement of the Final Judgment, until every act agreed to be performed by the Parties thereunder or under this Agreement has been fully performed.

## IV.     **MISCELLANEOUS PROVISIONS**

**6.01.    Each Party Is Represented by Counsel**.  The Parties acknowledge to each other that each has been advised and represented by legal counsel of their own choice throughout all of the negotiations which preceded the execution of this Agreement and that they have executed this Agreement after being so advised and without reliance upon any promise or representation of any person or persons acting for or on behalf of the other, except as expressly set forth in this Agreement.  The Parties further acknowledge that they and their counsel have had an adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement. Each Party has read and approved the language of this Agreement, with the assistance of counsel.

**6.02.    Entire Agreement/Construction And Interpretation**.  This Agreement embodies the entire agreement and understanding between the Parties hereto and supersedes all prior agreements and understandings relating to the subject matter hereof.  No course of prior dealing between the Parties, no usage of the trade, and no extrinsic evidence of any nature shall be used or be relevant to supplement, explain, or modify any term used herein.  The Parties represent and warrant to the other Parties that they are not relying on any other Party for advice. This Agreement is a product of negotiation and preparation by and among each Party and their attorneys.  Therefore, each Party expressly waives the provisions of California Civil Code § 1654

and acknowledges and agrees that this Agreement should not be deemed prepared or drafted by one Party or the other and shall be construed accordingly.

**6.03.   Counterpart Originals**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one agreement.

**6.04.   Modification Only In Writing**.  Neither this Agreement nor any provision hereof may be changed, waived, discharged, or terminated, save and except by an instrument in writing signed by all the Parties.

**6.05.   Headings**.  Captions, section headings and numbers have been set forth in this Agreement for convenience only and are not to be used in construing this Agreement.

**6.06.   Governing Law**.  This Agreement shall be governed and interpreted under California law.

**6.07.   Confidentiality**.  Except as required by law, the Class Representative and Class Counsel shall not disclose the name of any Defendant to the media and shall not disclose the name of any Defendant or the existence or terms of this Agreement in advertising or for marketing purposes.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

DATED: ___April 3___ , 2012        _____

Robert Baker, as an Individual and as a Proposed
Representative Plaintiff


DATED: _____ , 2012     GEMB LENDING INC.


By: _____
         Thomas Patton


25

and acknowledges and agrees that this Agreement should not be deemed prepared or drafted by one Party or the other and shall be construed accordingly.

**6.03.   Counterpart Originals**.  This Agreement may be executed in any number of counterparts, all of which taken together shall constitute one agreement.

**6.04.   Modification Only In Writing**.  Neither this Agreement nor any provision hereof may be changed, waived, discharged, or terminated, save and except by an instrument in writing signed by all the Parties.

**6.05.   Headings**.  Captions, section headings and numbers have been set forth in this Agreement for convenience only and are not to be used in construing this Agreement.

**6.06.   Governing Law**.  This Agreement shall be governed and interpreted under California law.

**6.07.   Confidentiality**.  Except as required by law, the Class Representative and Class Counsel shall not disclose the name of any Defendant to the media and shall not disclose the name of any Defendant or the existence or terms of this Agreement in advertising or for marketing purposes.

IN WITNESS HEREOF the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below.

DATED: _____, 2012    _____
Robert Baker, as an Individual and as a Proposed
Representative Plaintiff


DATED: _APRIL 3_____, 2012    GEMB LENDING INC.

By: _Thomas Patton_____
Thomas Patton

25

DATED: _April 3_, 2012     E*TRADE FINANCIAL CORPORATION

By: _John A. Buchman_
John A. Buchman

DATED: _____, 2012     CCB CREDIT SERVICES, INC.

By: _____
Ron Krech

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2012     KEMNITZER, BARRON & KRIEG, LLP

By: _____
Bryan Kemnitzer

Attorneys for Plaintiff
ROBERT BAKER and
the Proposed Settlement Class

DATED: _____, 2012     PAUL HASTINGS LLP

By: _____
Sean D. Unger

Attorneys for Defendant
GEMB LENDING INC.

DATED: _____, 2012    E*TRADE FINANCIAL CORPORATION


By: _____
            John A. Buchman


DATED: _April 3_____, 2012    CCB CREDIT SERVICES, INC.


By: _____
            Ron Krech


APPROVED AS TO FORM AND CONTENT:


DATED: _____, 2012    KEMNITZER, BARRON & KRIEG, LLP


By: _____
            Bryan Kemnitzer

Attorneys for Plaintiff
ROBERT BAKER and
the Proposed Settlement Class


DATED: _____, 2012    PAUL HASTINGS LLP


By: _____
            Sean D. Unger

Attorneys for Defendant
GEMB LENDING INC.


26

DATED: _____, 2012    E\*TRADE FINANCIAL CORPORATION


By: _____
     John A. Buchman


DATED: _____, 2012    CCB CREDIT SERVICES, INC.


By: _____
     Ron Krech


APPROVED AS TO FORM AND CONTENT:

DATED: _____4 / 3_____, 2012    KEMNITZER, BARRON & KRIEG, LLP


By: _____
     Bryan Kemnitzer

Attorneys for Plaintiff
ROBERT BAKER and
the Proposed Settlement Class


DATED: _____, 2012    PAUL HASTINGS LLP


By: _____
     Sean D. Unger

Attorneys for Defendant
GEMB LENDING INC.


26

DATED: _____, 2012    E*TRADE FINANCIAL CORPORATION


By: _____
John A. Buchman


DATED: _____, 2012    CCB CREDIT SERVICES, INC.


By: _____
Ron Krech


APPROVED AS TO FORM AND CONTENT:


DATED: _____, 2012    KEMNITZER, BARRON & KRIEG, LLP


By:_____
Bryan Kemnitzer

Attorneys for Plaintiff
ROBERT BAKER and
the Proposed Settlement Class


DATED: April 3 _____, 2012    PAUL HASTINGS LLP


By: _____
Sean D. Unger

Attorneys for Defendant
GEMB LENDING INC.


26

DATED: _April 3_____, 2012     GREENBERG TRAURIG, LLP


By: _Evan S Nadel_____
                    Evan S. Nadel

Attorneys for Defendant
E*TRADE FINANCIAL CORPORATION


DATED: _____, 2012     HINSHAW & CULBERTSON


By:_____
                    David I. Dalby

Attorneys for Defendant
CCB CREDIT SERVICES, INC.

DATED: _____, 2012     GREENBERG TRAURIG, LLP


By:_____
                    Evan S. Nadel

Attorneys for Defendant
E*TRADE FINANCIAL CORPORATION


DATED: *April 3*_____, 2012     HINSHAW & CULBERTSON


By:_____
                    David I. Dalby

Attorneys for Defendant
CCB CREDIT SERVICES, INC.


27

3120823v1  0918284