KEMNITZER, BARRON, & KRIEG, LLP
BRYAN KEMNITZER        Bar No. 066401
NANCY BARRON           Bar No. 099278
AMY TAY                Bar No. 252600
445 Bush St., 6th Floor
San Francisco, CA 94108
Telephone: (415) 632-1900
Facsimile: (415) 632-1901

TRUEBLOOD LAW
ALEXANDER B. TRUEBLOOD    Bar No. 150897
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024
Telephone: (310) 443-4139
Facsimile: (310) 943-2255

Attorneys for Plaintiff Robert Baker and the potential class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ROBERT BAKER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GEMB LENDING INC.; THOR CC, INC., THOR CREDIT CORPORATION, E*TRADE FINANCIAL CORPORATION WHICH WILL DO BUSINESS IN CALIFORNIA AS E-TRADE FINANCIAL CORPORATION; CCB CREDIT SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. C10-05261 SBA<br><br><u>CLASS ACTION</u><br><br>**PRELIMINARY APPROVAL ORDER** |

WHEREAS, Plaintiff ROBERT BAKER, individually and on behalf of the proposed Settlement Class, and Defendants GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION; and CCB CREDIT SERVICES, INC. have reached a proposed settlement of the above-captioned action;

WHEREAS, Plaintiff has moved the Court for preliminary approval of the proposed Settlement Agreement and for conditional certification of a Settlement Class pursuant to the Settlement Agreement executed by the parties on April 3, 2012;

WHEREAS, this Court having reviewed and considered the Settlement Agreement and attachments thereto, the proposed Class Notice, the papers submitted to the Court on the Motion for Preliminary Approval of Class Action Settlement, and the parties to the Settlement Agreement having consented to the entry of this Order;

IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. This Order of Preliminary Approval incorporates the Settlement Agreement, and the capitalized terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of Class Action Settlement, unless otherwise defined herein.

2. For purposes of the settlement only, and conditioned upon the Settlement Agreement receiving final approval following the final approval hearing and upon the occurrence of the Effective Date of the Settlement Agreement, this Court hereby conditionally certifies a Settlement Class, defined as follows and subject to the stated exclusions below:

The phrase "Settlement Class" shall mean:

All California citizens:

a) who entered into a Conditional Sale Contract in California for the purchase of a Motor Vehicle;

b) whose Motor Vehicle was repossessed or voluntarily surrendered;

c) who were issued a written post repossession notice by GEMB and/or Thor at any time from four years preceding the filing of this Action (October 12, 2006) through February 1, 2012;

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      d)  whose Conditional Sale Contract was owned by GEMB, Thor and/or E*Trade at the time the notice was sent; and

      e)  who were assessed a Deficiency Balance following the disposition of the Motor Vehicle.

Excluded from the Settlement Class are:

      a)  persons from whom GEMB, E*Trade and/or CCB obtained judgments prior to filing of the complaint on October 12, 2010; and/or

      b)  persons who made a payment on or toward their deficiency balance after the written post repossession notice was sent and who also filed for bankruptcy.

"GEMB," "E*Trade," "Thor," and "CCB" shall have the same meanings as defined in the Settlement Agreement.

      3.     Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement Agreement as being fair, reasonable and adequate to the Settlement Class. This Court finds that the settlement resulted from arms-length negotiation, including two full-day judicial settlement conferences before Magistrate Judge Laurel Beeler.

      4.     The Court finds, solely for the purpose of considering this Settlement Agreement, that the requirements of Federal Rule of Civil Procedure 23(a) are conditionally satisfied in that: (a) the Settlement Class members are too numerous to be joined in a single action; (b) there are questions of law and fact common to Settlement Class members; (c) the claims of the Class Representative are typical of the claims of the Settlement Class members; and (d) the Class Representative and Class Counsel can adequately protect the interests of the Settlement Class members. The Court also preliminarily finds, solely for the purpose of considering this Settlement Agreement, that the requirements of Federal Rule of Civil Procedure 23(b)(3) are conditionally satisfied in that: (a) questions of law or fact common to members of the Settlement Class predominate over any questions affecting only individual members; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Having found that the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

1 Procedure are satisfied, the Court certifies the Settlement Class for settlement purposes only. The
2 proposed settlement shall be submitted to the Settlement Class for their consideration and for a
3 hearing in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

4     5.    The law firms of Kemnitzer, Barron & Krieg, LLP, and the Trueblood Law Firm
5 are appointed as Class Counsel. Bryan Kemnitzer, Nancy Barron, and Alexander Trueblood are
6 appointed as Lead Class Counsel for the Settlement Class.

7     6.    Should the Settlement Agreement not receive the Court's final approval or
8 otherwise fail to become effective, the Court's grant of conditional class certification and findings
9 shall be vacated, and the Class Representative and the Settlement Class will once again bear the
10 burden of establishing the propriety of class certification. In such case, neither the conditional
11 certification of the Settlement Class for settlement purposes, nor any other act relating to the
12 negotiation or execution of the Settlement Agreement shall be considered as a factor in
13 connection with any class certification issue(s).

14     7.    Kurzman Carson Consultants is appointed as the Class Administrator. The Class
15 Administrator shall administer the Settlement in accordance with the terms set forth in the
16 Settlement Agreement and perform the functions set forth therein.

17     8.    The Court finds that the proposed Class Notice, as set forth in **Exhibit B** to the
18 Settlement Agreement, is the best notice practicable and is reasonably calculated, under the
19 circumstances, to apprise the Identified Settlement Class Members of the pendency of this Action
20 and their right to participate in, object to, or exclude themselves from the settlement. This Court
21 further finds that: (a) the Class Notice provides sufficient notice of the final approval hearing, the
22 settlement (pursuant to the terms of the Settlement Agreement), the application for attorneys' fees
23 and expenses, the requested incentive award, and other matters are set forth in the Settlement
24 Agreement; and (b) the Class Notice fully satisfies the Federal Rules of Civil Procedure and due
25 process of law, to all persons entitled thereto. The proposed Class Notice is hereby approved, and
26 it shall be sent substantially in the form approved to the Identified Settlement Class Members in
27 accordance with the terms of the Settlement Agreement. Defendants are responsible for the cost
28 of giving notice to the Identified Settlement Class Members through the Class Administrator.

1  9. As set forth in the Settlement Agreement, the Class Administrator shall provide individual notice to all Identified Settlement Class Members.

10. The Class Notice shall be sent to the Identified Settlement Class Members via first-class mail within thirty (30) days of the issuance of this Order.

11. No later than ten (10) business days prior to the final approval hearing, the Class Administrator shall provide declarations to the Court, with a copy to Class Counsel, and each of Defendants' Counsel, attesting to the measures undertaken to provide the Class Notice to the Identified Settlement Class Members.

12. A final approval hearing shall be held on December 4, 2012 at 1:00 p.m. before the Honorable Saundra Brown Armstrong in Courtroom 1 of the United States District Court for the Northern District of California located at 1301 Clay Street, Fourth Floor, Oakland, California 94612, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement Agreement; (b) whether the Settlement Agreement should be finally approved by this Court; (c) the application of Class Counsel for an award of attorneys' fees and expenses; (d) the application for the Class Representative's incentive award; (e) any timely objections to the proposed settlement and the Parties' responses to such objections; and (f) such other matters as this Court may deem proper and necessary. The Final Approval Hearing may, without further notice to the Settlement Class, be continued by order of the Court.

13. Any Settlement Class member who intends to object ("Objector") to the fairness, reasonableness, or adequacy of the settlement must serve a written objection on the Class Administrator and Class Counsel at the addresses provided in the Class Notice, postmarked no later than sixty (60) days after the date the Class Notice is mailed to the Settlement Class member. Upon request, the Class Administrator will promptly furnish to Class Counsel and Defendants' Counsel copies of any objections which the Class Administrator receives. To be effective, any objection must comply in all respects with the terms and conditions as set forth in the Class Notice approved herein. All objections must include a clear statement of each objection and the reasons thereto, and must contain a statement concerning whether the Objector intends to appear at the final approval hearing.

No Objector shall be entitled to be heard at the final approval hearing, and no written objections or briefs submitted by an Objector shall be received or considered by this Court at the final approval hearing, unless the Objector has fully complied with all terms and conditions as set forth in the Class Notice approved herein.  If an objection is overruled, the Objector will be bound by the terms of the settlement.  Members of the Settlement Class who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

14.     Members of the Settlement Class may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement.  Members of the Settlement Class who exclude themselves from the settlement will not release their claims pursuant to the release set forth in the Settlement Agreement.  A Settlement Class member wishing to exclude himself/herself from the settlement must so notify the Class Administrator and Class Counsel by letter postmarked no later than sixty (60) days after the date the Class Notice is mailed to the Settlement Class member.  To be effective, any Request for Exclusion must comply in all respects with the terms and conditions for exclusion as set forth in the Class Notice approved herein.  Upon request, the Class Administrator will promptly furnish to Class Counsel and Defendants' Counsel copies of any Requests for Exclusion which the Class Administrator receives.  Members of the Settlement Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they have requested exclusion from the settlement.  Any member of the Settlement Class who submits a timely request for exclusion may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

15.     No later than November 20, 2012, the Claims Administrator shall deliver to Class Counsel, who shall file it with the Court, and serve on Defendants' Counsel, a report stating the total number of persons who have submitted timely and valid Requests for Exclusion from the Settlement Class, and the names, addresses and telephone numbers of all such persons.

16. No later than November 13, 2012, a Motion for Final Approval and all supporting papers shall be filed, as well as responses by the Parties to any objections that have been filed against final approval of the Settlement Agreement or any aspect of it, including the request for attorneys' fees and expenses and an incentive award to the named plaintiff.

17. No later than August 28, 2012, Class Counsel shall file an application for an award of attorneys' fees and expenses and an incentive award to the named plaintiff.

18. In the event that: (a) this Court does not finally approve the settlement as provided in the Settlement Agreement; (b) this Court does not enter the Final Judgment as provided in all material respects and in substantially the form set forth in the Settlement Agreement; or (c) the Settlement Agreement does not become final for any other reason, and the Parties, following reasonable efforts, do not agree in writing to modify the Settlement Agreement, the Settlement Agreement shall be null and void and any order or judgment entered by this Court in furtherance of this settlement shall be vacated *nunc pro tunc*. In such a case, the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the Parties shall in no way be prejudiced in proceeding with or defending this litigation, the conditional class certification effected herein will be null and void, and Defendants shall have the right to object to certification of the Settlement Class or any other class at any future time.

19. For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the settlement proceedings to ensure the effectuation thereof in accordance with the Settlement Agreement preliminarily approved herein and the related orders of this Court.

20. The Parties are directed to carry out their obligations under the Settlement Agreement.

21. All discovery and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

22. Class Counsel shall serve a copy of this Order on all Parties or their counsel within seven (7) days of receipt.

1  IT IS SO ORDERED.

2  Dated: 7/24/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge