1  KEMNITZER, BARRON, & KRIEG, LLP
   BRYAN KEMNITZER          Bar No. 066401
2  NANCY BARRON            Bar No. 099278
   AMY TAY                 Bar No. 252600
3  445 Bush St., 6th Floor
   San Francisco, CA 94108
4  Telephone: (415) 632-1900
   Facsimile: (415) 632-1901
5
   TRUEBLOOD LAW FIRM
6  ALEXANDER B. TRUEBLOOD   Bar No. 150897
   10940 Wilshire Blvd., Ste. 1600
7  Los Angeles, CA 90024
   Telephone: (310) 443-4139
8  Facsimile: (310) 943-2255

9  Attorneys for Plaintiff Robert Baker and the potential class

10

11                   UNITED STATES DISTRICT COURT

12                 NORTHERN DISTRICT OF CALIFORNIA

13                       OAKLAND DIVISION

14

15  ROBERT BAKER, individually and on        Case No. C10-05261 SBA
    behalf of others similarly situated,
16                                           CLASS ACTION
                 Plaintiff,
17                                           **FINAL ORDER AND JUDGMENT**
          vs.
18
    GEMB LENDING INC.; THOR CC, INC.,
19  THOR CREDIT CORPORATION,
    E*TRADE FINANCIAL CORPORATION
20  WHICH WILL DO BUSINESS IN
    CALIFORNIA AS E-TRADE
21  FINANCIAL CORPORATION; CCB
    CREDIT SERVICES, INC.; and DOES 1
22  through 50, inclusive,

23              Defendants.

24

25        THIS MATTER came before the Court for a hearing on December 19, 2012, pursuant to

26  Plaintiff Robert Baker's Motion for Final Approval of the Class Action Settlement and Motion

27  for an Award of Attorneys' Fees, Costs, and Expenses, at which time the Parties, and any other

28  interested persons present at the hearing and entitled to be heard, were afforded the opportunity to

1   be heard in support of and in opposition to the proposed Settlement Agreement by and among the

2   named Plaintiff ROBERT BAKER, individually and on behalf of the proposed Settlement Class,

3   and Defendants GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION; and CCB

4   CREDIT SERVICES, INC.

5          There was no opposition to the Motions.  By Order filed on July 25, 2012, this Court

6   preliminarily approved the settlement, conditionally certified a class for settlement purposes only,

7   approved the proposed form of notice, and ordered that notice be given.  Notice of the Settlement

8   has been given to all Identified Settlement Class Members by first-class mail as set forth in the

9   Settlement Agreement and this Court's Preliminary Approval Order, Proof of Notice has been

10  filed with the Court, and the deadline for Settlement Class Members to opt out or object to the

11  settlement has passed.  Having read and considered all papers and documents presented, all

12  exhibits and affidavits filed, all arguments of counsel, and the law,

13         **IT IS ORDERED, ADJUDGED AND DECREED** on this day of December 19, 2012,

14  that:

15         1.     This Final Judgment incorporates the Settlement Agreement, and the capitalized

16  terms used in this Final Judgment shall have the meanings and/or definitions given to them in the

17  Settlement Agreement, as submitted to the Court with the Motion for Preliminary Approval of

18  Class Action Settlement Agreement, unless otherwise defined herein.

19         2.     This Court has jurisdiction over the subject matter of this Action and over all

20  parties to this Action, including all members of the Settlement Class.

21         3.     This Court certifies this Action, for settlement purposes only, as a class action.

22         4.     The following Settlement Class, conditionally certified by the Court in its Order

23  filed on July 25, 2012, is hereby certified under Federal Rule of Civil Procedure 23 for settlement

24  purposes only, and is hereinafter referred to as the "Class":

25         All California citizens:

26         a)  who entered into a Conditional Sale Contract in California for the purchase of

27             a Motor Vehicle;

28

-2-

1   b)  whose Motor Vehicle was repossessed or voluntarily surrendered;

2   c)  who were issued a written post repossession notice by GEMB and/or Thor at

3       any time from four years preceding the filing of this Action (October 12, 2006)

4       through February 1, 2012;

5   d)  whose Conditional Sale Contract was owned by GEMB, Thor and/or E*Trade

6       at the time the notice was sent; and

7   e)  who were assessed a Deficiency Balance following the disposition of the

8       Motor Vehicle.

9   Excluded from the Settlement Class are:

10  a)  persons from whom GEMB, E*Trade and/or CCB obtained judgments prior to

11      filing of the complaint on October 12, 2010; and/or

12  b)  persons who made a payment on or toward their deficiency balance after the

13      written post repossession notice was sent and who also filed for bankruptcy.

14      5.      The Court finds that the Settlement Class meets the requirements necessary for

15  class certification under Fed. R. Civ. P. 23(a):

16   (a)    The Settlement Class includes over 2,400 individuals and is so numerous that

17          joinder of all members is impracticable;

18   (b)    There are questions of law and fact common to the Settlement Class;

19   (c)    The claims of Class Representative Robert Baker are typical of the claims of the

20          Settlement Class; and

21   (d)    The Class Representative, together with Class Counsel, has fairly and adequately

22          represented and protected, and will continue to fairly and adequately represent and

23          protect, the interests of the Settlement Class.

24      6.      The Court finds that the Settlement Class, at least for the purposes of settlement,

25  meets the requirements necessary for class certification under Fed. R. Civ. P. 23(b)(3), in that

26  questions of law and fact common to the Settlement Class members predominate over any

27  questions affecting only individual members, and that a class action is superior to other available

28  methods for fairly and efficiently adjudicating this controversy.  Manageability issues do not

1    prevent certification in this controversy because there will be no trial.

2         7.     The members of the Settlement Class have been provided with adequate notice of

3    the settlement terms.  The Class Notice, sent via first-class mail to each Identified Settlement

4    Class Member, constitutes the best notice practicable under the circumstances, was reasonably

5    calculated to communicate actual notice of the litigation and the proposed settlement to

6    Settlement Class members, and is in full compliance with the requirements of Federal Rules of

7    Civil Procedure and due process of law.

8         8.     The members of the Settlement Class were given an adequate opportunity to opt

9    out of the settlement.  Attached to this Final Judgment as **Exhibit 1** is a true and correct list of all

10   Settlement Class members who timely submitted Requests for Exclusion.  No Settlement Class

11   members, other than those listed in Exhibit 1, are excluded from the Settlement Class or from the

12   effect of this Final Judgment.

13        9.     The Settlement Agreement is the product of extensive arm's length negotiation

14   between the Parties, as well as two judicial settlement conferences before Magistrate Judge

15   Laurel Beeler.

16        10.    The Settlement Agreement executed by the Parties provides substantial benefits to

17   the Settlement Class members.  The terms thereof are fair, reasonable, adequate, and in the best

18   interests of the Settlement Class, and are therefore finally approved and incorporated herein by

19   the Court.

20        11.    The settlement and Settlement Agreement should be implemented and

21   consummated in accordance with the terms of the Settlement Agreement.  To the extent already

22   implemented by the parties, such implementation is hereby approved and ratified by the Court.

23        12.    Upon the Effective Date of the Settlement Agreement, Plaintiff and all Settlement

24   Class members, and their heirs, executors, estates, predecessors, successors, assigns, agents and

25   representatives, shall be deemed to have jointly and severally released and forever discharged

26   GEMB LENDING INC.; E*TRADE FINANCIAL CORPORATION; and CCB CREDIT

27   SERVICES, INC., and any of their present and former officers, directors, attorneys, accountants,

28   assigns, representatives, employees, heirs, insurance carriers, executors, estates, predecessors,

affiliates, parents, subsidiaries, agents, and successors in interest, from any and all Released

Claims as that term is defined in section 2.28 of the Settlement Agreement.

13. Plaintiff, Defendants and all Participating Settlement Class Members expressly

waive and relinquish any and all rights and benefits which they may have under, or which may be

conferred upon them by, the provisions of California Civil Code section 1542, as set forth in the

Settlement Agreement.

14. This Action is hereby dismissed, on the merits, with prejudice, on the terms set

forth in the Settlement Agreement, and without any award of attorneys' fees or costs except as

expressly provided in the Settlement Agreement and in this Final Order and Judgment.

15. The terms of the Settlement Agreement and this Final Judgment shall be forever

binding on all Participating Settlement Class Members, including the Class Representative, and

shall have *res judicata* effect in any pending or future lawsuits or proceedings that may be

brought or maintained by or on behalf of any Participating Settlement Class Members.  This

Court hereby bars and enjoins: (i) all Participating Settlement Class Members, including the Class

Representative, and all persons acting on behalf of, or in concert or participation with, such

Participating Settlement Class Members, from filing, commencing, prosecuting, intervening in, or

participating in, any lawsuit in any jurisdiction on behalf of any Participating Settlement Class

Member, based upon or asserting any of the Released Claims as that term is defined in the

Settlement Agreement; and (ii) all Participating Settlement Class Members, including the Class

Representative, and all persons acting on behalf of or in concert or participation with such

Participating Settlement Class Members, from bringing a class action on behalf of Participating

Settlement Class Members or seeking to certify a class which includes such Participating

Settlement Class Members, in any lawsuit based upon or asserting any of the Released Claims as

that term is defined in the Settlement Agreement.

16. It is expressly determined that there is no just reason for delay and the entry of this

Final Judgment is hereby directed.  In the event that this Final Judgment is appealed, its mandate

will automatically be stayed until and unless the Final Judgment is affirmed in its entirety by the

court of last resort to which such appeal(s) has (have) been taken and such affirmance is no longer

1    subject to further appeal or review.

2          17.    This Final Judgment is final for purposes of appeal and may be appealed, and the

3    Clerk is hereby directed to enter Judgment thereon.

4          18.    Class Representative Robert Baker is granted a service award in the amount of

5    $10,000, to be paid by Defendants in accordance with the terms of the Settlement Agreement.

6    Defendants shall pay this amount by check made payable to Robert Baker and delivered to Class

7    Counsel's office: Kemnitzer, Barron & Krieg, LLP at 445 Bush Street, Floor 6, San Francisco,

8    CA 94108 on or before the Distribution Date under the terms of the Settlement Agreement, so

9    long as a W-9 is provided for him to Defendants.  The service award shall be paid by Defendants

10   separate from and in addition to the payments to the Settlement Class and shall not reduce the

11   amounts of those payments.

12         19.    Plaintiff is entitled to an award of attorneys' fees, costs and expenses.  The Parties

13   have negotiated a total award of $435,000 for attorneys' fees, costs and expenses.  The Court

14   finds that such an award is reasonable and appropriate under all of the circumstances presented.

15   The amount of the award was negotiated at arms-length among experienced counsel, and is

16   reasonable compared to the benefits conferred, representing a fraction of the approximately $44.7

17   million in Deficiency Balances which Defendants have agreed not to collect.  Accordingly, Class

18   Counsel is awarded reasonable attorneys' fees, costs and expenses totaling $435,000.  Defendants

19   shall pay this amount by check made payable to Kemnitzer, Barron, & Krieg, LLP and delivered

20   to Class Counsel's office located at Kemnitzer, Barron & Krieg, LLP 445 Bush Street, Floor 6,

21   San Francisco, CA 94108 within ten (10) business days of the Effective Date under the terms of

22   the Settlement Agreement.  Such payment of attorneys' fees, costs and expenses shall be separate

23   from and in addition to the payments to the Settlement Class and shall not reduce the amount of

24   those payments.   Kemnitzer, Barron & Krieg, LLP shall distribute the award among Class

25   Counsel pursuant to their separate agreement.

26         20.    In the event that the settlement does not become effective in accordance with the

27   terms of the Settlement Agreement, then this Final Judgment shall be rendered null and void and

28   shall be vacated, and the Settlement Agreement and all orders entered in connection therewith

-6-

1    shall be rendered null and void.

2        21.    Neither this Final Judgment nor the Settlement Agreement on which it is based is

3    an admission or concession by any of the Defendants of any fault, omission, liability, or

4    wrongdoing.  This Settlement Approval Order and Final Judgment is not a finding of the validity

5    or invalidity of any claims in this Action or a determination of any wrongdoing by GEMB

6    LENDING INC.; E*TRADE FINANCIAL CORPORATION; CCB CREDIT SERVICES, INC;

7    or THOR CREDIT CORPORATION.  The Court's final approval of this Agreement and the

8    Parties' settlement, if it occurs, will not constitute any opinion, position, or determination of this

9    Court as to the merits of the claims and defenses of any Party.

10        22.    The Parties are directed to carry out their obligations under the terms of the

11    Settlement Agreement.

12        23.    Jurisdiction is hereby reserved by this Court to assure compliance with all terms of

13    this settlement, in accordance with the Settlement Agreement and this Final Judgment.

14        24.    Class Counsel shall serve a copy of this Final Judgment on all Parties or their

15    counsel within seven (7) days of receipt.

16        25.    This Order terminates Docket 102 and Docket 109.  The Clerk shall close the file.

17        IT IS SO ORDERED

18    Dated: 12/20/12                          _____
                                              SAUNDRA BROWN ARMSTRONG
19                                            United States District Judge

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT 1**

LIST OF SETTLEMENT CLASS MEMBERS WHO TIMELY REQUESTED EXCLUSION

1.      Stella Kotyuk

2.      Facundo Torres M

FINAL ORDER AND JUDGMENT